Alien # A42-468-685

C4/05 C/ECF

c/m
b/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MICHAEL ANTHONY McINTOSH,

              Petitioner,

                                                           **ORDER**
      -v-                                             01-CV-1854 (ADS)

IMMIGRATION AND NATURALIZATION SERVICES,

              Respondent,

JOHN ASHCROFT, The Attorney General of the United States,

              Additional Respondent.
--------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 2  2005 ★

05-2505 Joe
LONG ISLAND OFFICE

**APPEARANCES:**

**MICHAEL ANTHONY McINTOSH**
Petitioner *Pro Se*
Din # 99-A-2213
Downstate Correctional Facility
Fishkill, New York 12524-0445

**ROSLYN R. MAUSKOPF**
United States Attorney, Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
       By:    AUSA Mary Elizabeth Delli-Pizzi

      The instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241

challenging an order of deportation was filed on March 26, 2001. On May 11, 2005,

Congress enacted the Real ID Act of 2005 ("the Act"), Pub. L. No. 109-13, §106, 119

1

Stat. 231, which among other things, provides:

> "[i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed..."

The Act specifically states that these provisions shall take effect on the enactment date and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."

Accordingly, this Court cannot hear the instant action and transfers it to the United States Court of Appeals for the Second Circuit pursuant to § 106 of the Real ID Act of 2005. The Clerk of Court shall transfer this matter to the Second Circuit and close this case.

**SO ORDERED.**

Dated: Central Islip, New York
May 25, 2005

ARTHUR D. SPATT
United States District Judge

2